# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

JOSEPH D. MACEDO and
RACHEL N. MACEDO,

Case No. 10-11727-RGM
(Chapter 13)

    Debtor.

## MEMORANDUM OPINION AND ORDER

THIS CASE is before the court on the chapter 13 trustee's motion to dismiss for failure to provide him copies of the debtors' 2010 federal and state income tax returns as required by the chapter 13 confirmation order.

The confirmation order entered on May 13, 2010, requires the debtors to timely provide the trustee with their federal and state income tax returns. The debtors did not provide the trustee with their 2010 federal and state income tax returns by January 5, 2012, when the trustee filed his motion to dismiss for failure to comply with the terms of the confirmation order. A little after 6:00 a.m., on the morning of the hearing, the debtors faxed their federal and state income tax returns to the trustee. The trustee did not have time to review them to determine whether they were complete and complied with the requirement of the confirmation order.

Obtaining copies of debtor's tax returns timely as required by the usual chapter 13 confirmation order has proven difficult for the chapter 13 trustee. In November, 2011, he filed more than 400 motions to dismiss for failure of the debtors to comply with the confirmation order and provide federal and state income tax returns to him. On the first hearing date, the court made clear that providing the tax returns was an important obligation of the debtor for the proper administration

1

of the chapter 13 cases and that except in exceptional circumstances, the court would either grant the motion if the tax returns were not provided or deny the motion if they had been provided. Continuances or extensions of time will only be granted in extenuating circumstances. Because no organized effort had previously been made to enforce this obligation, the court continued all matters to permit the debtors to come into compliance but warned the bar that there would be no further continuances. More than 90% of the motions were withdrawn by the trustee because the debtors brought themselves into full compliance. The remaining 10% remained on the court's docket for January 30, 2012. All but six of these were withdrawn by the trustee because the debtors complied with the confirmation order. One motion was continued and another was dismissed because of extenuating circumstances. Three motions were granted because the debtors had not complied. In one, the debtor provided his federal tax return but not his state tax return.

This case presents the circumstances in which the debtors provided tax returns to the trustee, but only hours before the hearing. The trustee could not withdraw his motion because he had not been able to review the tax returns and determine whether they were complete.

Providing tax returns, both federal and state, is an important and material obligation of the debtors. Absent extenuating circumstances, tax returns must be filed with the taxing authority by the due date with copies promptly provided to the chapter 13 trustee. The trustee should not be subject to the burden of enforcing compliance with motions to dismiss in 400 cases. Neither the debtors nor counsel appeared at the hearing and there is no explanation why the returns were so tardily provided to the trustee. Because the debtors did not comply with the confirmation order in sufficient time for the trustee to review the tax return given to him, confirm that the debtors had fully complied with the confirmation order, and, therefore, withdraw his motion, the motion to dismiss

will be granted. It is,

    ORDERED that this case be and is hereby dismissed.

    Alexandria, Virginia
    January 30, 2012

    /s/ Robert G. Mayer
    Robert G. Mayer
    United States Bankruptcy Judge

Copy electronically to:

Tommy Andrews, Jr.
Thomas P. Gorman

Copy mailed to:

Joseph D. Macedo
Rachel N. Macedo
12247 Short Street
Remington, Virginia 22734

17481